**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**MICHAEL E. MONSON**
**Plaintiff and**
**Defendant-In-Counterclaim**

**vs.** **C.A. NO. 05–005-S**

**ASML MASKTOOLS, INC.**
**Defendant and**
**Plaintiff-In-Counterclaim**

**REPLY TO COUNTERCLAIM**

Defendant-in-counterclaim, Michael E. Monson ("Monson"), hereby replies to the allegations contained in the numbered paragraphs of the Counterclaim as follows:

1. Monson admits the allegations contained in paragraph 1 of the Counterclaim.

2. Monson admits the allegations contained in paragraph 2 of the Counterclaim.

3. Monson admits the allegations contained in paragraph 3 of the Counterclaim.

4. Monson admits that, on or about November 10, 1999, he sent an electronic-mail message to Roger Caldwell, then-Chief Executive Officer of ASML MaskTools, Inc. ("MaskTools"), and Art Launder, its Vice President of Sales ("Launder"), and that a copy of that electronic-mail message is attached as Exhibit "A" to the Counterclaim. Monson denies the remaining allegations contained in paragraph 4 of the Counterclaim. Further replying, Monson states that the electronic-mail message attached as Exhibit "A" to the Counterclaim speaks for itself.

9

5. Monson denies the allegations contained in paragraph 5 of the Counterclaim. Further replying, Monson states that the electronic-mail message attached as Exhibit "A" to the Counterclaim speaks for itself.

6. Monson admits the allegations contained in paragraph 6 of the Counterclaim.

7. Monson denies the allegations contained in paragraph 7 of the Counterclaim.

8. Monson denies the allegations contained in paragraph 8 of the Counterclaim.

9. Monson denies the allegations contained in paragraph 9 of the Counterclaim. Further replying, Monson states that in December, 2000, Launder informed him that the draws paid by MaskTools to Monson had exceeded the commissions earned by him. Launder further informed Monson that MaskTools had decided to forgive what otherwise would have been the balance to be paid by Monson to MaskTools.

10. Monson admits that he received additional monthly compensation at the rate of $3,033.33 per month by means of direct deposit by MaskTools into his bank account in Rhode Island from January, 2001 through April, 2004, which additional monthly compensation was not reconciled or repaid by him. Further replying, Monson states that he had no obligation to reconcile or otherwise repay any of that additional monthly compensation. Monson denies the remaining allegations contained in paragraph 10 of the Counterclaim.

11. Monson denies the allegations contained in paragraph 11 of the Counterclaim. Further replying, Monson states that the additional monthly

compensation payments were not advances, and that Launder had informed him that there would **not** be a reconciliation of these payments against commissions at the end of the year and that Monson would **not** be obligated to repay any of these additional monthly payments to MaskTools.

12. Monson denies the allegations contained in paragraph 12 of the Counterclaim.

13. Monson denies the allegations contained in paragraph 13 of the Counterclaim.

14. Monson admits that in or about April, 2004 he spoke with Dinesh Bettadapur, MaskTool's Chief Executive Officer, about the additional monthly compensation. Monson denies the remaining allegations contained in paragraph 14 of the Counterclaim.

15. Monson denies the allegations contained in paragraph 15 of the Counterclaim.

16. Monson denies the allegations contained in paragraph 16 of the Counterclaim.

17. Monson admits that on or about October 24, 2001, MaskTools sent a proposed Promissory Note and proposed Assignment of Wages to Monson. Monson denies the remaining allegations contained in paragraph 17 of the Counterclaim.

18. Monson admits that he rejected the terms of the proposed Promissory Note and proposed Assignment of Wages. Monson denies the remaining allegations contained in paragraph 18 of the Counterclaim.

**COUNT I**

19. Monson restates and incorporates herein by reference his replies to the allegations contained in paragraphs 1 through 18 of the Counterclaim, above.

20. Monson denies the allegations contained in paragraph 20 of the Counterclaim.

21. Monson denies the allegations contained in paragraph 21 of the Counterclaim.

22. Monson denies the allegations contained in paragraph 22 of the Counterclaim.

**COUNT II**

23. Monson restates and incorporates herein by reference his replies to the allegations contained in paragraphs 1 through 22 of the Counterclaim, above.

24. Monson denies the allegations contained in paragraph 24 of the Counterclaim.

25. Monson denies the allegations contained in paragraph 25 of the Counterclaim.

**Second Defense**

The Counterclaim fails to state a claim upon which relief can be granted and, therefore, should be dismissed with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**Third Defense**

MaskTools, by its own acts, actions, conduct, and/or failures to act, has waived any rights which it may have had to bring this action, pursue it, and/or obtain the relief sought against Monson.

**Fourth Defense**

MaskTools is estopped by its own acts, actions, conduct, and/or failures to act from bringing this action, pursuing it, and/or obtaining the relief sought against Monson.

**Fifth Defense**

MaskTools' claims are barred by the doctrine of laches.

**Sixth Defense**

MaskTools' claims are barred by the appropriate statute of limitations.

**Seventh Defense**

MaskTools' claims are barred by the doctrine of unclean hands.

**Eighth Defense**

There is a complete absence of a justiciable issue of either law or fact with respect to MaskTools' claims against Monson for breach of contract alleged in the Counterclaim and, therefore, Monson is entitled to an award of his reasonable attorneys' fees incurred in the defense of those claims pursuant to Rhode Island General Laws §9-1-45.

**WHEREFORE**, Monson respectfully requests that the Counterclaim be dismissed or that judgment be entered in favor of Monson, and that the Court award Monson his reasonable attorneys' fees, costs and expenses incurred in defending against the Counterclaim.

Michael E. Monson

By his Attorneys,

Stephen J. Reid, Jr. #2811
Blish & Cavanagh, LLP
30 Exchange Terrace
Providence, RI 02903
(401) 831-8900
(401) 751-7542 (fax)

Dated: March 1, 2005

**CERTIFICATE OF SERVICE**

I hereby certify that on the 1st day of March, 2005, I caused the foregoing Reply To Counterclaim to be mailed to:

Stacey P. Nakasian, Esq.
Ralph N. Gaboury, Esq.
Duffy, Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903

David Thorpe Barton, Esq.
Luis F. Ramirez, Esq.
Quarles & Brady Streich Lang, LLP
One Renaissance Square
Two North Central Avenue
Phoenix, AZ 85004